**Thomas A. VASSILIADES, et al., Plaintiffs,**

v.

**Martina Nicholls ISRAELY, et al., Defendants.**

**Civ. No. B–89–291 (TFGD).**

United States District Court, D. Connecticut.

June 13, 1989.

RULING ON PLAINTIFFS' MOTION
TO FILE COMPLAINT UNDER SEAL

DALY, District Judge.

Plaintiffs in the above-captioned legal malpractice action request that they be permitted to file their complaint under seal. They contend that, by filing the complaint under seal, they will be able "to avoid potentially unnecessary adverse publicity relating to this action." *Plaintiff's Motion for Leave to File Complaint Under Seal,* at 1. They note that an early settlement of this matter is possible and that this action is related to a dispute between plaintiff Vassiliades and his former employer in which a settlement was reached and the terms of which the parties have agreed to keep confidential. Finally, they represent that defendants consent to the motion.

## DISCUSSION

Both the common law and the first amendment protect the public's right of access to court documents. *Matter of New York Times Co.,* 828 F.2d 110, 114 (2d Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988); *United States v. Gerena,* 703 F.Supp. 211, 212–13 (D.Conn.1988). Although the issue of the sealing of documents and the public's access thereto arises most frequently in criminal matters, the right of access has equal force in civil actions. *See Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580 n. 17, 100 S.Ct. 2814, 2829 n. 17, 65 L.Ed.2d 973 (1980); *FTC v. Standard Financial Management Corp.,* 830 F.2d 404, 408 & n. 4 (1st Cir.1987); *Westmoreland v. Columbia Broadcasting System, Inc.,* 752 F.2d 16, 22–23 (2d Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3478, 87 L.Ed.2d 614 (1985). The right of access, however, is not absolute. It can be overcome by a showing that placing the documents in question under seal will further other substantial interests, for example, a criminal defendant's right to a fair trial or a third party's privacy interests. *New York Times Co.,* 828 F.2d at 116. Nonetheless, court documents may be sealed only if "specific, on the record findings are made demonstrating that 'closure is essential to

Frederick Gold, Bridgeport, Conn., for plaintiffs.

Ira Lipman, Bridgeport, Conn., Ronald Herzog, Darien, Conn., for defendants.

preserve higher values and is narrowly tailored to serve that interest.'" *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 13–14, 106 S.Ct. 2735, 2743, 92 L.Ed.2d 1 (1986) (*"Press Enterprise II"*) (quoting *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984) (*"Press–Enterprise I"*)); *accord New York Times Co.,* 828 F.2d at 116.

■ Plaintiffs have failed to make the requisite showing to justify placing the complaint under seal. The possibility of "adverse publicity" in and of itself does not justify sealing. *See Littlejohn v. BIC Corp.,* 851 F.2d 673, 685 (3d Cir.1988); *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1179–80 (6th Cir.1983), *cert. denied,* 465 U.S. 1100, 80 L.Ed.2d 127 (1984). There is no indication that either party would be prejudiced in its litigation of this matter if the complaint is not sealed. Every lawsuit has the potential for creating some adverse or otherwise unwanted publicity for the parties involved. It is simply one of the costs attendant to the filing of an action. Similarly, although the Court always endeavours to encourage the settlement of litigation, the mere prospect of settlement does not overcome the public's right of access to a document that has been filed with the Court. Neither of these concerns reflect "higher values", the preservation of which requires the sealing of the complaint.

■ Furthermore, neither the parties' agreement to keep the related matter confidential nor the consent of defendants to the instant motion can bind the Court to order a sealing that is otherwise impermissible. Although protecting proprietary or other similar information from disclosure to third parties may, in the appropriate circumstances, be an interest supporting sealing, plaintiffs have made no indication that such material is contained in the complaint or that any of the information in the complaint has been the subject of a protective order entered by another court. *See, e.g., Stamicarbon, N.V. v. American Cyanamid Co.,* 506 F.2d 532, 539–41 (2d Cir.1974). Moreover, even assuming that such information is part of the complaint, the first amendment requires that only that portion of the complaint containing that information be placed under seal, if at all. *New York Times Co.,* 828 F.2d at 116. Because plaintiffs have failed to make a sufficient showing in this regard and because it appears that plaintiffs are only attempting to avoid publicity, sealing the complaint would be inappropriate.

■ In support of their motion, plaintiffs argue that the right of access should be accorded less weight, at least at the present stage in the proceedings, because the media or other member of the public has not intervened to oppose the motion to seal or otherwise inquired about this matter. First, the standard for permitting the sealing of court documents under the first amendment is not contingent on the media or the public first coming forward to enforce their rights. *See Press–Enterprise II,* 478 U.S. at 13, 106 S.Ct. at 2743. Second, the notion that the right of access is in this case less significant because no member of the public has indicated an interest in the matter is entirely tautological. Presumably, the parties have kept the matter confidential, making it unlikely that third parties would know anything about it. The filing of the complaint is likely to be the first occasion that the public could become aware of the dispute. In sum, no reason has been presented to deny the public the opportunity to review the allegations set forth in plaintiffs' complaint.

Accordingly, the motion for leave to file under seal is DENIED.

SO ORDERED.